# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-20343
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GUADALUPE VARGAS-GARCIA, also known as Guadalupe Vargas, also known as Jose Luis Vargas, also known as Armando Garcia Vargas, also known as Jose Luis Garcia Vargas, also known as Fernando Flores

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-416-1

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Guadalupe Vargas-Garcia (Vargas) appeals the 51-month sentence imposed in April 2007 following his guilty plea conviction of being found unlawfully in the United States following deportation. Vargas argues that the district court erred in upwardly departing under U.S.S.G. § 4A1.3, p.s., based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the underrepresentation of his criminal history. He also challenges the extent of the upward departure.

We review the decision of the district court to depart and the extent of the departure for an abuse of discretion, ultimately determining whether the sentence is reasonable under 18 U.S.C. § 3553(a). See United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005); United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). See also Gall v. United States, 128 S.Ct. 586, 596 (2007) ("[T]he abuse-of-discretion standard of review applies to appellate review of all sentencing decisions – whether inside or outside the Guidelines range.").

The district court's decision to upwardly depart was based on the factors in § 3553(a), including Vargas's history and characteristics, the need to promote respect for the law, the need for adequate deterrence, and the need to protect the public from future crimes by Vargas. The district court relied, in part, on the short time frame in which Vargas had accumulated eight prior convictions for driving while intoxicated (mostly with probated sentences), as well as his two prior illegal reentry offenses, and found that it was likely that Vargas would return to the United States illegally[1] and might cause serious injury or kill someone while driving while intoxicated.[2] The district court also noted that several of Vargas's prior convictions had not been included in his criminal history score pursuant to U.S.S.G. § 4A1.1(c). Because the upward departure

---

[1]The court also noted that "on two occasions he [Vargas] illegally re-entered the United States within approximately 60 days" after deportation, and that "[o]n one other occasion he illegally re-entered within nine months, and on another occasion within 16 months of his deportation." These four reentries were all subsequent to December 1, 2002.

[2]Two of the DWI convictions involved driving on the wrong side of the road, in one case forcing oncoming traffic to veer off of the roadway to avoid collision; another DWI involved Vargas's vehicle almost hitting an officer on patrol.

advanced the objectives in § 3553(a) and is justified by the facts of the case, the district court did not abuse its discretion in upwardly departing from the advisory guidelines range. See Zuniga-Peralta, 442 F.3d at 347; United States v. Lee, 358 F.3d 315, 328-29 (5th Cir. 2004).

In challenging the extent of the district court's departure, Vargas also asserts that his sentence must be vacated because the district court did not specifically address each intervening offense level when determining that a departure to criminal history category VI and offense level 15 was warranted. The district court explicitly stated that it had considered the intervening offense levels in reaching the extent of its departure but that the increase was appropriate due to the extent and nature of Vargas's criminal history and the likelihood of his recidivism. The court was not required to do more. See United States v. Lambert, 984 F.2d 658, 663-64 (5th Cir. 1993) (en banc) (holding a district court need not mechanically discuss every level it rejects where its reasons are implicit). Given the facts of this case and the district court's reasons for departing, Vargas has not shown that the court abused its discretion in the extent of its departure. See Lee, 358 F.3d at 328-29; Zuniga-Peralta, 442 F.3d at 347-48.

Vargas argues for the first time on appeal that the district court improperly relied on his prior arrests when sentencing him. This argument is without merit as the district court necessarily was relying on Vargas's prior convictions because (as the PSR reflected) Vargas had no prior arrests for which he was not convicted.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Vargas challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v.

Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.